IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

PATRICK ROSSIGNOL, Individually
and as a Limited Partner in
RUNNING PUMP ASSOCIATES, L.P.　　　　　　　NO.
on behalf of
RUNNING PUMP ASSOCIATES, L.P.
666 Greenwich Street, Apt. 936
New York, NY 10014,　　　　　　　　　　　　　JURY TRIAL DEMANDED
　　　　　Plaintiff

vs.

LEE BLATT
734 Yocum Pond Road
Becket, MA 01223,
　　　　　Defendant

## AMENDED COMPLAINT

### PARTIES

1.　　Plaintiff PATRICK ROSSIGNOL (hereinafter referred to as "Rossignol") is an adult individual who resides at the address set forth above.

2.　　Defendant LEE BLATT (hereinafter referred to as "Blatt") is an adult individual who resides at the address set forth above.

### JURISDICTION AND VENUE

3.　　This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the parties are citizens of different States.

4.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions occurred in the Eastern District of Pennsylvania.

5.　　A trial by jury is demanded.

## FACTS

6. In December 1996, Blatt and John Thonet were the sole partners in Running Pump Associates, a Pennsylvania general partnership.

7. On or about December 26, 1996, Blatt and John Thonet converted the RPA general partnership into a limited partnership in which Blatt was named the general partner.

8. As the general partner of RPA, Blatt is required to act in good faith, in a manner he reasonably believes to be in the best interests of RPA and with such care, including reasonable inquiry, skill and diligence that a person of ordinary prudence would use under similar circumstances.

9. At the same time, Allyson Gerber, Randi Rossignol, Patrick Rossignol, Henry Rossignol, Max Rossignol, Kathi Thonet, John Thonet, Hannah Thonet, Rebecca Thonet and Sydelle Blatt became limited partners in RPA.

10. According to Schedule "A" of the Amended and Restated Partnership Agreement of RPA (hereinafter referred to as "RPA Agreement") which is attached hereto as Exhibit "A," Blatt's capital contribution to RPA was $15,000.00, Allyson Gerber contributed $120,000.00, each of the Rossignols contributed $75,000.00, each of the Thonets contributed $75,000.00 and Sydelle Blatt contributed $15,000.00, for a total capitalization of $750,000.00.

11. According to Schedule "B" of the RPA Agreement, Blatt was allocated 2% of the profit and loss, Allyson Gerber was allocated 16% of the profit and loss, each of the Rossignols was allocated 10% of the profit and loss, each of the Thonets was

allocated 10% of the profit and loss and Sydelle Blatt was allocated 2% of the profit and loss.

12. Allyson Gerber, Randi Rossignol and Kathi Thonet are the children of Lee and Sydelle Blatt.

13. Patrick Rossignol is Randi Rossignol's ex-husband and Henry Rossignol and Max Rossignol are the children of Patrick and Randi Rossignol.

14. John Thonet is Kathi Thonet's husband and Hannah Thonet and Rebecca Thonet are the children of John and Kathi Thonet.

15. RPA is the owner of the Western Corners Shopping Center in Lancaster, Pennsylvania.

16. Western Corners occupies approximately 10 acres of land and consists of a free standing bank, a standalone restaurant, a gas station and a shopping mall with approximately 17 stores and adjacent parking.

17. In addition to RPA, Blatt and/or the other limited partners of RPA control, among other entities, BFR # 1, LLC (a New York limited liability company formed on February 4, 2008), BFR # 2, LLC (a New York limited liability company formed on February 4, 2008), Jane Development Associates, LLC (a New York limited liability company formed on February 20, 2008), Karal Associates, LLC (a New York limited liability company formed on February 20, 2008), Karal Associates II, LLC (a New York limited liability company formed on August 21, 2002), RAKA Associates, LLC (a New York limited liability company formed on September 15, 2008) and RSK Realty LLC (a New York limited liability company formed on August 6, 1999).

18. Kathi Thonet and others also do business as Karal Associates, a fictitious name registered in 1987 with the Pennsylvania Department of State.

19. Rossignol has never had an interest in BFR # 1, LLC, BFR # 2, LLC, Jane Development Associates, LLC, Karal Associates, LLC, Karal Associates II, LLC, RAKA Associates, LLC, RSK Realty LLC and/or any other entities owned or controlled by Blatt or RPA's other limited partners.

20. Upon information and belief, in 2004, at Blatt's direction and with his authorization, RPA transferred $369,000.00 to Karal II Associates, the New York limited liability company, and/or Kathi Thonet d/b/a Karal Associates.

21. Upon information and belief, in 2005, at Blatt's direction and with his authorization, RPA transferred $757,266.00 to Karal II Associates, the New York limited liability company, and/or Kathi Thonet d/b/a Karal Associates.

22. Upon information and belief, in 2006, at Blatt's direction and with his authorization, RPA transferred $439,521.00 to Randi Rossignol.

23. Upon information and belief, in 2006, at Blatt's direction and with his authorization, RPA transferred $51,599.00 to Kathi Thonet.

24. Upon information and belief, in 2007, at Blatt's direction and with his authorization, RPA transferred $380,359.00 to Karal Associates II, the New York limited liability company, and/or Kathi Thonet d/b/a Karal Associates.

25. Upon information and belief, in 2008, at Blatt's direction and with his authorization, RPA transferred $392,539.00 to Karal Associates I, Karal Associates II and/or Kathi Thonet d/b/a Karal Associates.

26. Upon information and belief, in 2008, at Blatt's direction and with his authorization, RPA transferred $99,604.00 to RSK Realty.

27. Upon information and belief, in 2008, at Blatt's direction and with his authorization, RPA transferred $112,000.00 to BFR # 1.

28. Upon information and belief, in 2008, at Blatt's direction and with his authorization, RPA transferred $57,000.00 to Randi Rossignol.

29. Upon information and belief, in 2008, at Blatt's direction and with his authorization, RPA transferred $33,500.00 to Hannah Thonet.

30. Upon information and belief, none of the amounts transferred to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty and/or BFR # 1 were for payment of legitimate expenses incurred by RPA, and none were intended to be reasonable investments for the benefit of RPA and/or were intended to be the principal amount of loans made by RPA to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty and/or BFR # 1.

31. The amount of money transferred by RPA to Randi Rossignol, Kathi Thonet and Hannah Thonet in 2006 and 2008 was more than the amount of RPA's profit to which each was entitled under the RPA Agreement.

32. Upon information and belief, the excess amounts transferred to Randi Rossignol, Kathi Thonet and Hannah Thonet by RPA were not for the payment of legitimate expenses incurred by RPA, were not intended to be a reasonable investment for the benefit of RPA and were not intended to be the principal amount of a loan made by RPA to Randi Rossignol, Kathi Thonet and/or Hannah Thonet.

33. On or about May 17, 2007, Randi Rossignol began divorce proceedings against Rossignol in the Supreme Court of the State of New York, County of Westchester.

## COUNT I
## BREACH OF FIDUCIARY DUTY
**Rossignol v. Lee Blatt**

34. Plaintiff incorporates paragraphs 1 through 34 as though fully set forth at length.

35. Beginning in 2004, Blatt failed to act in the best interests of RPA and failed to act with the care, skill and diligence of a person of ordinary prudence, when, as RPA's general partner, he:

   a. Authorized and directed the transfer of RPA's assets to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty BFR # 1, Randi Rossignol, Kathi Thonet and Hannah Thonet for reasons other than the payment of legitimate expenses incurred by RPA, as reasonable investments for the benefit of RPA and its limited partners or as the principal amount of loans made by RPA;

   b. Authorized and directed the transfer of RPA's assets to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1 and Randi Rossignol to pay for legal fees and expenses, unrelated to the business of RPA, incurred by Randi Rossignol in the divorce litigation with Rossignol and

   c. Authorized and directed the transfer of RPA's assets to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty

6

BFR # 1, Randi Rossignol, Kathi Thonet and Hannah Thonet to pay for personal obligations of Blatt, Randi Rossignol, Kathi Thonet and Hannah Thonet unrelated to the business of RPA.

36. The improper transfer by Blatt of over $2,750,000.00 in assets from RPA to other entities controlled by Blatt and/or the other limited partners of RPA has interfered with RPA's ability to operate and maintain the Western Corners Shopping Center and has deprived some of RPA's limited partners of amounts properly due them under the RPA Agreement.

37. By letter dated June 21, 2013, Rossignol, as a limited partner with a 10% interest in RPA, demanded that within thirty (30) days of June 21, 2013, Blatt exercise every available and appropriate action to recover from Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty BFR # 1, Randi Rossignol, Kathi Thonet and Hannah Thonet the assets improperly transferred to them by RPA.

38. Upon information and belief, as of the date of the filing of this Amended Complaint, Blatt has taken no steps to recover the amounts improperly transferred by RPA to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet and/or Hannah Thonet.

**WHEREFORE,** Plaintiff PATRICK ROSSIGNOL as a limited partner in Running Pump Associates, L.P. and on behalf of Running Pump Associates, L.P. respectfully requests that this Court:

    a. Prohibit LEE BLATT from authorizing any further distribution and/or transfer of Running Pump Associates, L.P. assets to Karal Associates I,

Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet, Hannah Thonet and/or to other entities owned or controlled by Running Pump Associates, L.P.'s limited or general partners;

b. Prohibit any further distribution and/or transfer by LEE BLATT of Running Pump Associates, L.P. assets for purposes other than the ongoing operation of the business of Running Pump Associates, L.P. ;

c. Order an accounting of the finances of Running Pump Associates, L.P. from January 1, 2004 through the present date by an independent accounting professional using Generally Accepted Accounting Principles to determine the recipient and amount of all payments and/or transfers made by Running Pump Associates, L.P. and

d. Enter judgment against Defendant LEE BLATT in an amount equal to the value of any assets found to have been improperly transferred by Running Pump Associates, L.P. to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet, Hannah Thonet and/or for purposes other than the ongoing operation of the business of Running Pump Associates, L.P. to other entities, including entities owned or controlled by Running Pump Associates, L.P's limited or general partners, plus Plaintiff's attorney's fees and costs and the cost of the accounting and

e. Order such other relief that this Court deems just and proper.

## COUNT II
## BREACH OF FIDUCIARY DUTY

Rossignol v. Lee Blatt

39. Plaintiff incorporates paragraphs 1 through 39 as though fully set forth at length.

40. Section 4.03B of the RPA Agreement provides that "[n]o funds of the Partnership shall be commingled with the funds of any other person, and the General Partner shall not employ, or permit any other person to employ such funds in any manner except for the benefit of the Partnership."

41. Section 4.04C of the RPA Agreement provides that "[T]he General Partner shall be under a fiduciary duty and obligation to conduct the business and affairs of the Partnership in the best interests of the Partnership, including the safekeeping and use of all Partnership funds and assets…"

42. As a direct result of the transfers by Blatt of RPA funds to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet and Hannah Thonet, as well as for purposes other than the ongoing operation of the business of RPA, the funds of RPA have been commingled with the funds of other persons and entities.

43. As a direct result of the transfers by Blatt of RPA funds to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet and Hannah Thonet, as well as for purposes other than the ongoing operation of the business of RPA, Blatt has permitted RPA's funds to be used other than for the sole benefit of the limited and general partners of RPA.

44. As a direct result of the transfers by Blatt of RPA funds to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR

# 1, Randi Rossignol, Kathi Thonet and Hannah Thonet, as well as for purposes other than the ongoing operation of the business of RPA, Blatt has breached his fiduciary duty and obligation to Rossignol as a limited partner in RPA to conduct the business and affairs of RPA in the best interests of the limited and general partners of RPA.

     45.    A portion of the RPA assets transferred by Blatt to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet and Hannah Thonet comprise profits earned by RPA and in which Rossignol has a 10% interest pursuant to the RPA Agreement.

     46.    As a result of Blatt's actions, Rossignol has been deprived of the full amount of the profit to which he is entitled pursuant to the RPA Agreement.

**WHEREFORE,** Plaintiff PATRICK ROSSIGNOL respectfully requests that this Court:

    a. Prohibit any further distribution and/or transfer BY LEE BLATT of Running Pump Associates, L.P. assets to Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet, Hannah Thonet and/or to other entities owned or controlled by Running Pump Associates, L.P.'s limited or general partners;

    b. Prohibit any further distribution and/or transfer of Running Pump Associates, L.P. assets for purposes other than the ongoing operation of the business of Running Pump Associates, L.P. ;

    c. Order an accounting of the finances of Running Pump Associates, L.P. from January 1, 2004 through the present date by an independent

    accounting professional using Generally Accepted Accounting Principles to determine the recipient and amount of all payments and/or transfers made by Running Pump Associates, L.P.;

d. Enter judgment in favor of PATRICK ROSSIGNOL and against Defendant LEE BLATT in an amount equal to PATRICK ROSSIGNOL's share of the profits of Running Pump Associates, L.P. included in the funds transferred by LEE BLATT Karal Associates I, Karal Associates II, Kathi Thonet d/b/a Karal Associates, RSK Realty, BFR # 1, Randi Rossignol, Kathi Thonet, Hannah Thonet and/or for purposes other than the ongoing operation of the business of Running Pump Associates, L.P. to other entities owned or controlled by Running Pump Associates, L.P.'s limited or general partners, plus Plaintiff's attorney's fees and costs and the cost of the accounting and

e. Order such other relief that this Court deems just and proper.

**DESSEN, MOSES & ROSSITTO**

Dated: August 20, 2013    By: _____
DAVID S. DESSEN, ESQUIRE
Attorney ID # 17627
Attorney for Plaintiff

600 Easton Road
Willow Grove, PA 19090
(215) 496-2902
deessen@dms-lawyer.com