<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| PATRICK ROSSIGNOL, Individually and<br>  as a Limited Partner in RUNNING<br>  PUMP ASSOCIATES, L.P., on behalf<br>  of RUNNING PUMP ASSOCIATES, L.P., | )<br>)<br>)<br>) | Civil Action<br>No. 13-cv-04334 |
| Plaintiff | ) | |
| v. | ) | |
| LEE BLATT, | ) | |
| Defendant | ) | |

\*   \*   \*

APPEARANCES:

     DAVID S. NENNER, ESQUIRE
        On Behalf of Plaintiff

     REBECCA D. WARD, ESQUIRE
     JAMES T. SMITH, ESQUIRE
        On Behalf of Defendant

\*   \*   \*

**O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

[SPACE INTENTIONALLY LEFT BLANK]

# T A B L E   O F   C O N T E N T S

INTRODUCTION ...................................................... 3

JURISDICTION ...................................................... 4

VENUE ............................................................. 4

STANDARD OF REVIEW ................................................ 4

FACTS ............................................................. 7

    Background ..................................................... 7

    Challenged Conduct ............................................ 8

PROCEDURAL HISTORY ............................................... 10

    Complaint .................................................... 10

    Amended Complaint ............................................ 12

    Show Cause Order ............................................. 16

    Motion to Dismiss ............................................ 16

CONTENTIONS OF THE PARTIES ....................................... 16

    Contentions of Defendant ..................................... 16

    Contentions of Plaintiff ..................................... 16

DISCUSSION ....................................................... 17

    Subject Matter Jurisdiction .................................. 17

    Res Judicata ................................................. 22

        Requirements for Claim Preclusion Satisfied ................ 22

        Additional Arguments of Plaintiff .......................... 29

    Statute of Limitations ....................................... 33

CONCLUSION ....................................................... 33

**INTRODUCTION**

This matter is before the court on defendant's Motion to Dismiss[1] which seeks to dismiss plaintiff's Amended Complaint with prejudice.  For the reasons expressed below, I grant in part and deny in part defendant's Motion to Dismiss.

Specifically, I grant the motion to the extent it seeks to dismiss the Amended Complaint as res judicata.  I grant the motion to dismiss on that ground because plaintiff Patrick Rossignol prosecuted a prior civil action in New York state court against defendant Lee Blatt and others which arose from the same series of allegedly-improper transfers of partnership assets of Running Pump Associates, L.P. and that prior action was settled and discontinued with prejudice.  Because I grant defendant's motion on claim-preclusion grounds, I do not reach defendant's alternative argument that plaintiff's claims are barred by the applicable statute of limitations.

However, I deny the Motion to Dismiss to the extent it seeks to dismiss this case for lack of subject matter jurisdiction because complete diversity of citizenship exists between the sole plaintiff and the sole defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

---

[1] Defendant filed the within Motion to Dismiss on September 27, 2013, together with a Memorandum of Law in Support of Motion to Dismiss ("Defendant's Memorandum"), and Exhibits A and B to the Motion to Dismiss.

On October 11, 2013 Plaintiff's Response to Defendant's Motion to Dismiss was filed together with Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Plaintiff's Memorandum").

## JURISDICTION

Plaintiff invokes this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff Patrick Rossignol is a citizen of New York and defendant Lee Blatt is a citizen of Massachusetts.[2]  Moreover, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Thus, this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in Lancaster County, Pennsylvania, which is within this judicial district.  See 28 U.S.C. §§ 118, 1391(b).

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson,

---

[2]      In paragraphs 1 and 2 of the Amended Complaint, plaintiff pleads the residency of himself and Lee Blatt, respectively.  To be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State.  Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 183-184 (3d Cir. 2008) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)).

Allegations of residency are insufficient to establish citizenship. Allegations of citizenship are required to meet the jurisdictional requirement. Guerrino v. Ohio Casualty Insurance Company, 423 F.2d 419, 421 (3d Cir. 1970). However, plaintiff subsequently avers that he is domiciled in New York and that Lee Blatt is domiciled in Massachusetts.  (Plaintiff's Brief in Support of Diversity Jurisdiction at page 1.)

-4-

355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[3]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and deter-mine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (citing <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

---

[3]       The United States Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (quoting <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940)(internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion. First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted. Fowler, 578 F.3d at 210. Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] con-

ceivable [or possible] to plausible." Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

## FACTS

Accepting all factual allegations in the Amended Complaint as true, and construing the Amended Complaint in the light most favorable to the plaintiff, as I am required to do under the forgoing standard of review, the pertinent facts are as follows.

## Background

Running Pump Associates is a Pennsylvania general part-nership which was created in December 1996.[4]  Defendant Lee Blatt was, and is, the general partner in Running Pump Associates.[5]  The following are the limited partners: Allyson Gerber, Randi Rossignol, plaintiff Patrick Rossignol, Henry Rossignol, Max Rossignol, Kathi Thonet, John Thonet, Hannah Thonet, Rebecca Thonet, and Sydelle Blatt.[6]

---

[4]     Amended Complaint at ¶ 7.

[5]     Id. at ¶ 8.

[6]     Id. at ¶ 9.

Running Pump Associates is a family business which owns and operates, among other things, the Western Corners Shopping Center in Lancaster County, Pennsylvania.[7]

Lee and Sydelle Blatt are the parents of Allyson Gerber, Randi Rossignol, and Kathi Thonet.  Plaintiff and his then-wife, Randi Rossignol, are the parents of Henry and Max Rossignol. Kathi and John Thonet are the parents of Hannah and Rebecca Thonet.[8]

In May 2007, plaintiff's wife began divorce proceedings against him in the Supreme Court of the State of New York, County of Westchester.[9]

### Challenged Conduct

Defendant Lee Blatt and/or the other limited partners in Running Pump Associates control seven other business entities, each of which is a New York limited liability company.[10]  Plaintiff Patrick Rossignol has never had any interest in, or control over, those New York entities.[11]

Beginning in 2004, and continuing until 2008, defendant Blatt caused amounts of money in the tens and hundreds of thousands of dollars to be transferred from Running Pump

---

[7]      Amended Complaint at ¶ 15.

[8]      Id. at ¶¶ 12-14.

[9]      Id. at ¶ 33.

[10]     Id. at ¶ 17.

[11]     Id. at ¶ 19.

Associates to certain of its limited partners (other than plaintiff) and certain of the New York limited liability companies controlled by defendant Blatt and/or the other limited partners.[12]

None of the amounts which defendant Blatt caused to be transferred were (1) for payment of legitimate expenses incurred by Running Pump Associates, (2) intended to be reasonable investments for the benefit of Running Pump Associates, or (3) intended to be the principal amount of loans made by Running Pump Associates.[13]

The payments made to limited partners Randi Rossignol, Kathi Thonet, and Hannah Thonet in 2006 and 2008 were greater than the portion of the profits of Running Pump Associates to which those individuals were entitled pursuant to the Running Pump Associates partnership agreement.[14]

Moreover, the payments which defendant Blatt caused to be made to those limited partners were not (1) for payment of legitimate expenses incurred by Running Pump Associates, (2) intended to be a reasonable investment for the benefit of Running Pump Associates, or (3) intended to be the principal

---

[12]    Amended Complaint at ¶¶ 20-29.

[13]    Id. at ¶¶ 30.

[14]    Id. at ¶ 31.

-9-

amount of a loan from Running Pump Associates to any of those limited partners.[15]

By letter dated June 21, 2013, plaintiff demanded that defendant Blatt take every available and appropriate action to recover the assets of Running Pump Associates which defendant had improperly transferred to the New York limited liability companies and to Randi Rossignol, Kathi Thonet, and Hannah Thonet.[16]

## PROCEDURAL HISTORY

### Complaint

Plaintiff initiated this action by filing a Complaint in this court on July 26, 2013, which invoked this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In his initial Complaint, plaintiff asserted claims against defendant Lee Blatt and then-defendant Running Pump Associates, L.P. ("RPA"). Although plaintiff named Running Pump Associates as a defendant in his initial Complaint and purported to assert his claim in Count I of the Complaint against Running Pump Associates, plaintiff nonetheless (in his prayer for relief on Count I) requested the court to "[e]nter judgment in favor of RUNNING PUMP ASSOCIATES, L.P. and against Defendant Lee Blatt in

---

[15]     Amended Complaint at ¶ 32.

[16]     Id. at ¶ 37.

an amount equal to the value of any assets found to have been improperly transferred by RUNNING PUMP ASSOCIATES, L.P."[17]

In Count II of the Complaint, plaintiff asserted a claim against defendant Lee Blatt only and requested the court to "[e]nter judgment in favor of PATRICK ROSSIGNOL and against Defendant LEE BLATT in an amount equal to PATRICK ROSSIGNOL's share of the profits of RUNNING PUMP ASSOCIATES, L.P. included in the funds transferred by LEE BLATT."[18]

Plaintiff labeled both Counts I and II of the Complaint "BREACH OF FIDUCIARY DUTY".  The substantive averments purporting to demonstrate such a breach involve the transfer of assets of Running Pump Associates to the New York LLCs and certain limited partners in Running Pump Associates for purposes other than the benefit of Running Pump Associates.  Count II of the Complaint further claimed that the contested transfers of assets of Running Pump Associates violated sections 4.03B and 4.04B of the Amended and Restated Partnership Agreement of Running Pump Associates ("RPA Partnership Agreement").[19]

Because plaintiff Patrick Rossignol is a limited partner in Running Pump Associates, and a partnership shares the

_____

[17]      Complaint at page 8, ¶ d.(emphasis added).

[18]      Id. at page 11, ¶ d.

[19]      This is the name of the agreement used in the Amended Complaint. Plaintiff's Memorandum incorrectly states that a copy of the Running Pump Associates Partnership Agreement is attached to the Amended Complaint.  The partnership agreement is neither attached as an exhibit to the Amended Complaint, nor the initial Complaint.

citizenship of each of its partners for purposes of federal diversity jurisdiction, complete diversity of citizenship was necessarily lacking based upon the inclusion of Running Pump Associates as a defendant in the initial Complaint.  <u>Zambelli Fireworks Manufacturing Co. v. Wood</u>, 592 F.3d 412, 419-420 (3d Cir. 2010).

Accordingly, I, through my staff (and before defendants were served with process or appeared in this action), alerted David S. Dessen, Esquire, counsel for Patrick Rossignol, by telephone, that the initial Complaint did not properly establish the grounds upon which this court's subject matter jurisdiction depends.

<u>**Amended Complaint**</u>

Thereafter, and as permitted by Rule 15(a)(1) of the Federal Rules of Civil Procedure, plaintiff filed an Amended Complaint, which is now the operative pleading in this matter. Plaintiff's two-count Amended Complaint asserts claims of breach of fiduciary duty against defendant Lee Blatt only.

Count I of the Amended Complaint alleges that, beginning in 2004, defendant Blatt "failed to act in the best interests of [Running Pump Associates] and failed to act with the care, skill and diligence of a person of ordinary prudence" when he caused assets of Running Pump Associates to be transferred to certain of the limited partners and the New York limited liability companies

for the purpose of (1) paying legal fees and expenses incurred by
Randi Rossignol in her divorce from plaintiff, and (2) paying
personal obligations incurred by defendant Blatt himself, Randi
Rossignol, Kathi Thonet, and Hanna Thonet, which obligations were
unrelated to the business of Running Pump Associates.[20]

In Count I of the Amended Complaint, plaintiff "as a
limited partner in Running Pump Associates, L.P. *and on behalf of
Running Pump Associates, L.P.*" respectfully requests that the
court prohibit further wrongful distribution of Running Pump
Associates' assets, order an accounting of the finances of Running
Pump Associates from January 1, 2004 through the present, and
enter judgment "in *an amount equal to the value of any assets
found to have been improperly transferred from Running Pump
Associates* to any of the seven New York limited liability
companies or to limited partners Randi Rossignol, Kathi Thonet,
and Hannah Thonet."[21]

Count II of the Amended Complaint alleges that defendant
Blatt violated Section 4.03B of the Running Pump Associates
partnership agreement by causing the funds of Running Pump
Associates to be commingled with the funds of other persons and

---

[20]        Amended Complaint at ¶¶ 34-38.

[21]        Id. at pages 7-8 (emphasis added).

        In other words, in Count I, plaintiff seeks entry of judgment in
favor of an unspecified person and against defendant Blatt in an amount greater
than the monetary value of plaintiff Rossignol's own personal interest in
Running Pump Associates.  He wants judgment entered in the total amount of
assets wrongfully transferred from the partnership.

entities (that is, certain of the limited partners and the New York limited liability companies).

Count II further alleges that defendant Blatt breached his fiduciary duty and violated Section 4.04B of the Running Pump Associates partnership agreement by improperly transferring the assets of Running Pump Associates and, thereby, depriving plaintiff of the full amount of profit from Running Pump Associates which he would have received but for the improper transfers caused by defendant Blatt.[22]

In Count II, plaintiff requests, on his own behalf,[23] that the court prohibit further wrongful distribution of Running Pump Associates' assets, order an accounting of the finances of Running Pump Associates from January 1, 2004 through the present, and enter judgment "in an amount equal to PATRICK ROSSIGNOL's share of the profits of Running Pump Associates, L.P." which were included in the funds which defendant Blatt caused to be improperly transferred from Running Pump Associates.[24]

---

[22]     Amended Complaint at ¶¶ 39-46.

[23]     The clause "as a limited partner in Running Pump Associates, L.P. and on behalf of Running Pump Associates, L.P." which appears in the prayer for relief in Count I of the Amended Complaint is omitted from the prayer for relief in Count II of the Amended Complaint.

[24]     Amended Complaint at pages 10-11.

        In other words, in Count II, plaintiff seeks entry of judgment only in the amount of his portion of the profits of Running Pump Associates as established by the partnership agreement.

The facts averred in both complaints as support for the claims asserted therein are substantially the same.  Moreover, the legal bases for relief asserted in each version of the complaint are the same.

However, paragraph d. on page 8 of the Amended Complaint (part of the prayer for relief on Count I) no longer specifies the individual or entity in whose favor plaintiff Patrick Rossignol (on behalf of Running Pump Associates) seeks entry of judgment against defendant Blatt.[25]  Nevertheless, the amount of judgment requested for Count I is the same in both versions of the complaint -- specifically, "an amount equal to the value of any assets found to have been improperly transferred by RUNNING PUMP ASSOCIATES".[26]

With respect to Count II (both the claim asserted and amount in judgment requested therein) is the same in the initial Complaint and the Amended Complaint.

Running Pump Associates, L.P. is not named as a defendant in the Amended Complaint,[27] nor is the partnership separately identified as a plaintiff together with plaintiff Patrick Rossignol.

---

[25]      Compare Complaint at page 8, ¶ d., with Amended Complaint at page 8, ¶ d.

[26]      Amended Complaint at page 8, ¶ d.; Complaint at page 8, ¶ d.

[27]      Although some of the 47 paragraphs in the Complaint have been amended in the Amended Complaint, paragraph 2 (which identified Running Pump Associates as both a defendant in the action and a limited partnership organized under Pennsylvania law) is the sole paragraph which was included in the initial Complaint and then omitted from the Amended Complaint.

### Show Cause Order

By, and for the reasons expressed in, my Order dated and filed August 23, 2013, I directed plaintiff to file a brief demonstrating why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's Brief in Support of Diversity Jurisdiction was filed September 13, 2013.

### Motion to Dismiss

Defendant filed the within Motion to Dismiss on September 27, 2013.  On October 11, 2013 Plaintiff's Response to Defendant's Motion to Dismiss was filed.

Hence this Opinion.

### CONTENTIONS OF THE PARTIES

### Contentions of Defendant

Defendant contends that plaintiff's Amended Complaint should be dismissed in its entirety with prejudice because this court lacks subject matter jurisdiction.  Defendant further contends that, even if the court has subject matter jurisdiction, plaintiff's claims should nevertheless be dismissed with prejudice because they are barred as res judicata (claim preclusion) and by the applicable statute of limitations.[28]

### Contentions of Plaintiff

Plaintiff contends that defendant's Motion to Dismiss should be denied because this court has diversity jurisdiction

---

[28]          Defendant's Memorandum at pages 2-3.

over plaintiff's claims, and those claims are neither barred as
res judicata, nor by the applicable statute of limitations.[29]

## DISCUSSION

### Subject Matter Jurisdiction

As noted in the Procedural History section above, plain-
tiff's initial Complaint did not properly plead the grounds upon
which this court's subject-matter jurisdiction depends.  Plaintiff
subsequently filed an Amended Complaint to properly plead this
court's jurisdiction.

"Courts have an independent obligation to determine
whether subject-matter jurisdiction exists, even when no party
challenges it."  Hertz Corporation v. Friend, 559 U.S. 77, 94,
130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029, 1042 (2010).

Subject matter jurisdiction is non-waivable.  Nesbit v.
Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003).  The
party asserting jurisdiction "bears the burden of showing that the
case is properly before the court at all stages of the
litigation."  Nesbit, 347 F.3d at 76-77.

Accordingly, and as noted in the Procedural History
section above, I entered an Order on August 23, 2013 directing
plaintiff to file a brief demonstrating why the Amended Complaint
properly establishes this court's subject matter jurisdiction, and
why I should not dismiss the Amended Complaint on that ground.

---

[29]         Plaintiff's Memorandum at pages 4-12.

Specifically, I directed such a brief from plaintiff because it appeared that the Amended Complaint asserted derivative claims by plaintiff on behalf of a partnership, Running Pump Associates, and the citizenship of the partnership on whose behalf the claims were asserted would have to be considered in determining whether complete diversity of citizenship exited.[30]

In response to my August 23, 2013 Order, plaintiff filed a brief wherein he contends that he is the sole party plaintiff in this action and is asserting direct claims on his own behalf (and not derivative claims on behalf of Running Pump Associates) against defendant Lee Blatt.[31]  Thus, plaintiff contends, this court has subject matter jurisdiction based upon diversity jurisdiction under section 1332.

In his Motion to Dismiss (filed after plaintiff's brief concerning jurisdiction), defendant contends that plaintiff's Amended Complaint should be dismissed for lack of complete diversity of citizenship because "[s]imply put, R[unning ]P[ump ] A[ssociates] is a party plaintiff to his Amended Complaint."[32]

---

[30]      See Order dated and filed August 23, 2013 at pages 1-3 and footnotes thereto.

[31]      Plaintiff's Brief in Support of Diversity Jurisdiction at pages 3-5.

         Plaintiff further contends that Running Pump Associates is not required to be joined as a party plaintiff under Rule 19 of the Federal Rules of Civil Procedure.  (See Plaintiff's Brief in Support of Diversity Jurisdiction at pages 5-8.)  Defendant does not make an alternative argument that, if the partnership is not a party to this action based upon the Amended Complaint, then the Amended Complaint should be dismissed under Rule 19.

[32]      Defendant's Memorandum at page 4.

Defendant's argument that Running Pump Associates is a party plaintiff to the Amended Complaint is based upon the averments therein that Patrick Rossignol is asserting claims "on behalf of" Running Pump Associates.[33]

Running Pump Associates is not a party plaintiff to the Amended Complaint.  The partnership is not identified as a party plaintiff in either the caption, or the body, of the Amended Complaint.  Rather, both the caption and body of the Amended Complaint identify Patrick Rossignol as the sole party plaintiff and indicate (as Defendant's Memorandum accurately notes) that Patrick Rossignol is bringing this action both individually and as a limited partner "on behalf of" Running Pump Associates.[34]

Rule 17(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a]n action must be prosecuted in the name of *the* real party in interest." Fed.R.Civ.P. 17(a) (emphasis added).  The United States Court of Appeals for the Third Circuit has explained that "[t]he real party in interest rule ensures that under the governing substantive law, the plaintiff[ is] entitled to enforce the claim at issue." HB General Corp. v. Manchester Partners, L.P., 95 F.3d 1185, 1196 (3d Cir. 1996).

---

[33]      Defendant's Memorandum at pages 3-4.

[34]      Amended Complaint at pages 1 (caption) and 7 (prayer for relief in Count I).

Nevertheless, "[t]here may be multiple real parties in interest for a given claim, and if the plaintiff[ is] a real party in interest, Rule 17(a) does not require the addition of other parties also fitting that description."  Id.

Subchapter L (governing "Derivative Actions"), Chapter 85 (governing "Limited Partnerships"), Part III, Title 15 of Pennsylvania's Consolidated Statutes Annotated provides, in pertinent part, that

> [a] limited partner may bring an action in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.  The derivative action may not be maintained if it appears that the plaintiff cannot fairly and adequately represent the interests of the limited partners in enforcing the rights of the partnership.

15 Pa.C.S.A. § 8591.

Under Pennsylvania law, the answer to the question of whether or not an action by a limited partner is direct or derivative in nature

> depends on whether the primary injury alleged in the complaint is to the partnership or the individual plaintiffs.  When a limited partner alleges wrongs to the limited partnership that indirectly damaged a limited partner by rendering his interest in the limited partnership valueless, the limited partner is required to bring his claim derivatively on behalf of the partnership.

Weston v. Northampton Personal Care, Inc., 62 A.3d 947, 957 (Pa.Super. 2013).

-20-

It is not necessary at this time to resolve the question of whether each of plaintiff's two claims in the Amended Complaint is direct or derivative.  If, as plaintiff contends, both claims are direct in nature, the plaintiff is a real party in interest with respect to those direct claims.

Alternatively, plaintiff Patrick Rossignol, as a limited partner in Running Pump Associates, is authorized under Pennsylvania law to bring suit derivatively or otherwise on behalf of the partnership.  15 Pa.C.S.A. § 8591.  Thus, even if plaintiff's claims are properly characterized as derivative in nature, Patrick Rossignol is nonetheless a real party interest with respect to the claims in Counts I and II of the Amended Complaint.  See HB General Corp., 95 F.3d at 1196.

In short, because Patrick Rossignol, the sole party plaintiff in this action, is a citizen of New York, and Lee Blatt, the sole party defendant to this action, is a citizen of Massachu-setts, complete diversity of citizenship exists between the parties.  Accordingly, I deny defendant's Motion to Dismiss to the extent it seeks to dismiss plaintiff's Amended Complaint for lack of subject matter jurisdiction, and more specifically for lack of complete diversity of citizenship between the parties.

Having determined that subject matter jurisdiction exists, I will turn to defendant's argument that plaintiff's claims should be dismissed as res judicata.

## Res Judicata

Defendant contends that plaintiff's claims must be dismissed because they are res judicata.  Specifically, defendant contends that the disposition of a civil action filed in New York state court in 2010 bars, under the doctrine of claim preclusion, plaintiff from asserting the claims in his Amended Complaint.[35]

More specifically, defendant Lee Blatt contends that (1) plaintiff Patrick Rossignol filed an action on September 23, 2010 in the Supreme Court of New York, Westchester County, against Running Pump Associates, himself, Hannah Thonet, and Randi Rossignol ("the New York state action"); (2) the New York state action was premised on the same alleged misconduct as plaintiff's claims in this federal action; (3) the New York state action was ultimately resolved by a settlement and dismissed with prejudice on November 15, 2010; and (4), therefore, plaintiff's claims in this federal action are precluded.[36]

### Requirements for Claim Preclusion Satisfied

As the United States Supreme Court has explained,

> Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so:
>
> > "[Judicial] proceedings [of any court of any State] shall have the same full faith and credit in every court within the United States

---

[35]        Defendant's Memorandum at pages 6-8.

[36]        Id. at pages 6-7.

> and its Territories and Possessions as they
> have by law or usage in the courts of such
> State...." 28 U.S.C. § 1738.

Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415-416,

66 L.Ed.2d 308, 314 (1980)(alterations and omission in original).

Defendant contends that New York's claim-preclusion

rules apply here because the prior judgment at issue emerged from

New York state court, but that the outcome would be the same under

Pennsylvania law.[37]  Plaintiff does not dispute either assertion.

Because the prior judgment was issued in New York state court, I

will apply New York claim-preclusion rules.  Id.

As the New York Court of Appeals has stated, "[i]t is

blackletter law that a valid final judgment bars future actions

between the same parties on the same cause of action." Reilly v.

Reid, 45 N.Y.2d 24, 27, 379 N.E.2d 172, 174 (1978).[38]

Under New York law, res judicata operates to bar

successive litigation based upon the same transaction or series of

---

[37]      Defendant's Memorandum at page 7, footnote 3.

[38]      The New York Court of Appeals further explained:

> Res judicata is designed to provide finality in the resolution
> of disputes to assure that parties may not be vexed by further
> litigation.  The policy against relitigation of adjudicated
> disputes is strong enough generally to bar a second action
> even where further investigation of the law or facts indicates
> that the controversy has been erroneously decided, whether due
> to oversight by the parties or error by the courts.  Consider-
> ations of judicial economy as well as fairness to the parties
> mandate, at some point, an end to litigation. Afterthoughts or
> after discoveries however understandable and morally forgiv-
> able are generally not enough to create a right to litigate
> anew.

Reilly, 45 N.Y.2d at 28, 379 N.E.2d at 175.

connected transactions if "(i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." RA Global Services v. Avicenna Overseas Corp., 843 F.Supp.2d 386, 389 (S.D.N.Y. 2012) (citing New York v. Applied Card Systems, Inc., 11 N.Y.3d 105, 122, 894 N.E.2d 1, 12 (2008)).

Stated differently, "[u]nder New York's transactional approach to res judicata issues, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Fifty CPW Tenants Corp. v. Epstein, 792 N.Y.S.2d 58, 59 (N.Y.App.Div. 2005).

Moreover, under New York law, "a claim will be barred by the prior adjudication of a different claim arising out of the same 'factual grouping' even if the claims 'involve materially different elements of proof'", id. (quoting O'Brien v. Syracuse, 54 N.Y.2d 353, 358, 429 N.E.2d 1158, 1160 (1981)), and "even if the claims would call for different measures of liability or different kinds of relief." Id. (quoting Smith v. Russell Sage College, 54 N.Y.2d 185, 192, 429 N.E.2d 746, 749 (1981)).

Here, plaintiff prosecuted the New York state action in 2010 against, among others, defendant Lee Blatt.[39]  That is, both the party against whom the doctrine of claim preclusion is invoked (plaintiff Patrick Rossignol) and the party asserting claim preclusion (defendant Lee Blatt) were parties to the New York Action.

In the New York action, like this action, plaintiff alleged that Lee Blatt was involved in, and caused, the improper transfer of assets of Running Pump Associates to limited partners (other than Patrick Rossignol) and entities controlled by limited partners (other than Patrick Rossignol) for purposes other than the benefit of Running Pump Associates, and that these improper transfers diminished the amount of the partnership's profits paid to plaintiff Randi Rossignol and the value of his ownership interest in the partnership.[40]  In other words, the claims asserted in the New York action and in this case are based upon the same "factual grouping".  Fifty CPW Tenants, 792 N.Y.S.2d at 59.

Thus, plaintiff's claims in this action will be precluded under the applicable preclusion rules if the New York action resulted in a judgment on the merits.  RA Global Services, 843 F.Supp.2d at 389.

---

[39]     Motion to Dismiss, Exhibit A, copy of Verified Complaint filed in the Supreme Court of the State of New York, County of Westchester, Index No. 22301-10 ("New York Complaint").

[40]     See New York Complaint at ¶¶ 21-48, and Amended Complaint at ¶¶ 15-33.

Defendant contends that the New York action resulted in
a judgment on the merits and, thus, preclusion applies here.
Specifically, defendant contends that the New York action resulted
in a settlement and was dismissed with prejudice and, under New
York (or Pennsylvania) law, such dismissal with prejudice operates
as a judgment on the merit for claim-preclusion purposes.[41]

In response to that argument, plaintiff contends that
the New York action may not have been dismissed with prejudice.[42]
However, plaintiff does not dispute defendant's contention that a
dismissal with prejudice would operate as a judgment on the
merits.[43]  More specifically, plaintiff's argument is premised on a
"careful reading" of paragraphs 2 and 3 of the Order and Stipula-
tion of Settlement and Discontinuance filed in the New York action
on November 15, 2010, which paragraphs, according to plaintiff,
establish conditions precedent to the dismissal of the New York
action.[44]

The body the November 15, 2010 Order and Stipulation of
Settlement states, in its entirety:

> IT IS HEREBY STIPULATED AND AGREED by the
> undersigned counsel for the parties, that the

---

[41]        Defendant's Memorandum at pages 7-8.

[42]        Plaintiff's Memorandum at page 7.

[43]        See id.

[44]        Id. at page 7 (citing Motion to Dismiss, Exhibit B, Order and
Stipulation of Settlement and Discontinuance filed in the New York action on
November 15, 2010, at ¶¶ 2-3).

above-captioned action is settled and discontinued as follows:

> 1.  Whereas no party hereto is an infant, incompetent person from who a committee has been appointed, or conservatee, and no person not a party has any interest in the subject matter of the action, *the above entitled action* for an accounting be, and the same *hereby is discontinued with prejudice and without costs to any party.*

> 2.  Defendant Running Pump Associates, L.P., shall, no later than November 15, 2010, provide to the plaintiff those documents listed on Exhibit A annexed hereto, if any, within its possession, custody or control and which have not already been provided to the plaintiff.

> 3.  Counsel for Defendants Running Pump Associates, L.P., Hannah Thonet, and Lee Blatt agrees to hold this Order and Stipulation in escrow for seven business days after the production of the documents in accordance with paragraph 2.[45]

The Order and Stipulation of Settlement was entered by New York Supreme Court Justice Alan D. Scheinkman on November 15, 2010.[46]

Plaintiff contends that unless the events described in paragraphs 2 and 3 of the Order and Stipulation of Settlement took place, the New York action could not have been dismissed with prejudice.  Plaintiff also contends that there are no documents in the record of the New York action attesting to the satisfaction of the requirements of those paragraphs 2 and 3.  Therefore,

---

[45]     Motion to Dismiss, Exhibit B, Order and Stipulation of Settlement and Discontinuance (emphasis added).

[46]     Id. at page 2.

according to plaintiff, it is not clear that the New York action was dismissed with prejudice.[47]

Plaintiff's argument is unavailing.  Paragraph 1 of the Order and Stipulation of Settlement (that is, the first substantive paragraph of that document) discontinued the New York action with prejudice.[48]  Although plaintiff is correct that the following paragraphs, paragraphs 2 and 3, create further obligations on Running Pump Associates, Lee Blatt, and Hannah Thonet, and although plaintiff surely could have sought to enforce Justice Scheinkman's November 15, 2010 Order if either of those three parties to the New York action failed to comply with the requirements of paragraphs 2 and 3, the language of the Order and Stipulation of Settlement simply does not, expressly or implicitly, condition the discontinuance of the New York action with prejudice upon completion of the events described in paragraphs 2 and 3. Accordingly, I conclude that the New York action was discontinued with prejudice.

For the reasons expressed above, defendant has demonstrated the necessary requirements for application of claim preclusion as to plaintiff's claims in this action.

---

[47]     Plaintiff's Memorandum at page 7.

[48]     Motion to Dismiss, Exhibit B, Order and Stipulation of Settlement and Discontinuance at ¶ 1.

### Additional Arguments of Plaintiff

Plaintiff further contends that his claims in the within action are not precluded by the New York action because Hannah Thonet was the general partner of Running Pump Associates at the time the New York action was filed in 2010.  Therefore, plaintiff contends, his claims for an accounting and injunction prohibiting future improper transfers (which he characterizes in his memorandum as "the only claims asserted in the New York lawsuit") could not have been asserted against defendant Blatt in the New York action.[49]  Thus, plaintiff argues, because his claims asserted in the instant action are based upon "ongoing improper transfers of [Running Pump Associates] assets" which could not have been asserted against defendant Blatt in the New York action, res judicata does not apply to bar his claims against defendant Blatt in this action.[50]

As explained in the preceding section, the requirements for claim preclusion are satisfied here. Moreover, although plaintiff contends here that his prior New York action only sought an accounting of partnership finances and an injunction against further improper transfers of partnership assets, that characterization is belied by the Verified Complaint filed in the New York action and as Exhibit A to the within Motion to Dismiss.

---

[49]     Plaintiff's Memorandum at page 8.

[50]     Id.

The Verified Complaint in the New York action alleged that Lee Blatt and Hannah Thonet, and others, conspired to interfere with plaintiff's financial interest in Running Pump Associates.[51]  More specifically, the Verified Complaint in the New York action described improper transfers of assets of Running Pump Associates from 2004 through 2008 during the period when Lee Blatt was the general partner (2004 and 2005) and when Hannah Thonet was the general partner (2006 through 2008).[52]

Plaintiff is correct that the Verified Complaint in the New York action sought an accounting of partnership finances[53] and injunctive relief preventing further distribution and/or transfer of partnership assets.[54]  However, there, as here, plaintiff alleged that the improper transfer of partnership assets by the general partner during the period of 2004 through 2008 constituted a breach of fiduciary duty and a violation of the RPA Partnership Agreement.

---

[51]        Verified Complaint at ¶ 48.

[52]        See Id. at ¶¶ 21-23, 26-27, 29, 32-33, 35-37.

        The Verified Complaint in the New York action alleges that Hannah Thonet had a fiduciary duty to plaintiff pursuant to Section 4.04(C) of the RPA Partnership Agreement and based upon her position as the general partner of Running Pump Associates, and that Ms. Thonet breached that duty by improperly transferring assets of Running Pump Associates.  Id. at ¶¶ 34-48.

[53]        Id. at ¶¶ 49-52 (First Cause of Action), and page 10, paragraph a. (Prayer for Relief).

[54]        Id. at ¶¶ 53-57 (Second Cause of Action), and page 10, paragraph b. (Prayer for Relief).

Moreover, in the New York action, as here, based upon those allegedly improper transfers of partnership assets, plain-tiff sought against defendant Lee Blatt, in addition to an accoun-ting and injunctive relief, "such other relief as the Court deems just and proper."[55]  In short, an accounting of partnership finan-ces and injunctive relief were not, as plaintiff suggests, the sole allegations or requests made by him in the New York action.

Additionally, plaintiff contends that while res judicata might bar a second lawsuit involving the same parties that sought an accounting for the same period, defendant's Motion to Dismiss ignores the fact that the time periods requested for an accounting differ between the New York action (September 13, 2003 to September 13, 2010) and the within action (January 1, 2004 to July 24, 2013).[56]

However, plaintiff, in turn, ignores the more salient fact that, regardless of the differing accounting periods, both the New York action and the within action request an accounting as relief for plaintiff based upon the allegedly improper transfers of assets of Running Pump Associates during the period from 2004 through 2008.

Finally, plaintiff contends that while res judicata might bar a second request for an injunction against future trans-

---

[55]       Verified Complaint at page 10, paragraph d.; see Amended Complaint at page 8, paragraph e., and page 11, paragraph e.

[56]       Plaintiff's Memorandum at pages 8-9.

fers of partnership assets if such a second request (the within federal action) was based exclusively upon facts in existence at the time of the first request (the New York action), the Amended Complaint here does not aver that it is based solely upon facts in existence at the time the New York action was filed.[57]

However, Plaintiff's Memorandum fails to develop this argument further and does not explain what post-New-York-action wrongdoing differentiates the factual grouping of this action from the prior New York action.  Moreover, as explained further above, the Amended Complaint in this action and the Verified Complaint in the New York action each seek relief against defendant Lee Blatt based upon allegedly improper transfers of Running Pump Associates' assets which occurred between 2004 and 2008.  The Amended Complaint here does not contain averments of improper transfers of such assets in or after 2010.

For the reasons expressed above, plaintiff's additional argument in opposition to the application of res judicata to plaintiff's claims asserted here are unavailing.  Accordingly, because defendant has demonstrated that plaintiff's claims in this action are barred as res judicata, I grant defendant's Motion to Dismiss on that ground and dismiss plaintiff's Amended Complaint with prejudice.

---

[57]       Plaintiff's Memorandum at page 9.

### Statute of Limitations

Because I grant defendant's Motion to Dismiss on claim-preclusion grounds, I do not reach defendant's alternative argument that plaintiff's claims in the Amended Complaint are barred by the applicable statute of limitations.

### CONCLUSION

For the reasons expressed above, I grant defendant's Motion to Dismiss and dismiss Plaintiff's Amended Complaint with prejudice.

Specifically, although I deny the Motion to Dismiss to the extent it seeks to dismiss this case for lack of subject matter jurisdiction, I grant the motion and dismiss plaintiff's Amended Complaint on claim-preclusion grounds.